Nash, J.
 

 In the view we have taken of this case, it isH unnecessary to inquire into the title of the defendant /it being;' very clear, we cannot grant to the plaintiff the relief he seeks^ Unless his grant is founded upon a valid entry, such as the' law recognises, however imperfect the defendant’s grant may be, the plaintiff cannot ask the court to compel him to confey the land to him. The 42d ch. Rev. Slat, in the 4th section, directs the justices of the pence in every county, to elect
 
 one
 
 good and sufficient person to receive entries of claims of land, within such county respectively, and the 13th section requires the claimant of any land to produce, (the language is,
 
 shall
 
 produce) to the entry-taker, &c. It is not pretended in this case, that the plaintiff did make an entry of the land; with the entry-taker, but it is said, his wife was the agent or' deputy of the latter to act for him, and that he subsequently recognised and adopted her act. We know of no power in an entry-taker to appoint a deputy or agent, to perform his duties. The law has made them personal to himself, and that it did not intend he should have any such power, is evidenced by the fact, that, in the 7th section, the power is. given to the surveyor toappoint a deputy. The 4th section, which requires the appointment pf
 
 one
 
 entry-taker, also requires the appointment of not more than
 
 two
 
 surveyors for the county. We think if is manifest, the Legislature intended to confine the power to receive entries in each county to
 
 one
 
 person. And among several other reasons, to avoid the very evil exhibited by this Case, a double entry of the same lani
 
 *595
 
 by different persons. It would further be difficult, if not impossible, for the Legislative will, as expressed in the 13th sec" ,tion to be complied with, in the case of there being
 
 two
 
 per- • .sons entitled to receive entries. By that section, the entry-taker is required to indorse on every entry the date when made, and to enter a copy thereof in a well bound book, and •“ every entry to be made in the order of time in which it shall be received, and numbered in the margin.” Suppose the entry-faker to appoint several agents or deputies; for if he may appoint one, he may a dozen ; and the same piece of land to be entered on the same day with each. How is the priority to be ascertained, and in what order are they to be spread upon the book ? It is evident much confusion and uncertainty would be produced, which is now avoided by confining the power to receive entries to one person. It follows as a necessary consequence, if he cannot appoint a deputy, he cannot by any recognition of his, make that lawful, which is in itself unlawful. If he could, the priority and certainty which the law recognizes and requires, would not depend upon the action of the parties, but upon the will and pleasure of the entry-taker. The plaintiff's claim to relief rests upon the assumed fact, that he made au entry before the defendant, as required by law, and upon it procured a grant for the land to issue to himself; and that the defendant, with a knowledge of his priority, made an entry of the same land. As he has never made an entry, such as the law requires, his equity has never .arise».
 

 P¡er Curiam, Bill dismissed with costs.